## EXEMPTION IN LIEU OF HOMESTEAD.

[Circuit Court of Lorain County.]

### C. E. CAMPBELL v. THOMAS BENNINGTON.

Decided, April 29, 1904.

*Attachment—Non-resident not Entitled to Exemption in Lieu of Homestead—Sections* 5438 *and* 5441.

The benefits of the exemption in lieu of homestead, provided by Section 5441, are limited to residents of this state.

HALE, J.; WINCH, J., and MARVIN, J., concur.

The case of *Campbell* v. *Bennington,* error, is prosecuted here to reverse a judgment of the court of common pleas. The action was commenced before a justice of the peace and appealed to the court of common pleas, and the only question made in the case is whether a motion to discharge and dissolve an attachment which had been issued in the case, was wrongfully overruled by the trial court, for the reason that the property attached was exempt from execution.

The facts upon which the motion was submitted were agreed to, from which it appears that the defendant was a non-resident of the state. The question made is, whether there was exempt to him in lieu of a homestead $500.

Section 5438 provides for the exemption of a homestead to the execution debtor in the sum of $1,000. That can only mean

a homestead situated within the state, to be occupied by the person living in the state.

Section 5441 exempts from execution property of the value of $500 in lieu of a homestead. The judgment debtor having no homestead there is exempt to him in lieu of such homestead property of the value of $500, and under that clause this non-resident claims this exemption. The court below ruled that he was not entitled to it. It ruled correctly. The exemption provided for by Section 5441 in lieu of a homestead has no application to controversies with non-residents. Its benefits are limited to residents of this state, and the judgment of the court of common pleas is affirmed.

*Fritz Rudin,* for plaintiff in error.

*Metcalf & Cinniger,* for defendant in error.